UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY CRISCUOLO,

                Plaintiff,

           -against-

DARCEL CLARK; CYNTHIA CARLSON;
JUDITH LIEB,

                Defendants.

19-CV-1527 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, currently incarcerated in Greenhaven Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Plaintiff has also moved for appointment of counsel and requested that the Court issue a preliminary injunction and a temporary restraining order against Defendants. By order dated February 20, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.[1]

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v.*

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

*Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against Darcel Clark, Bronx County District Attorney, in her individual and official capacities; Cynthia Carlson, Assistant District Attorney, Bronx County, in her individual and official capacities; and Judith Lieb, Bronx County Supreme Court Justice, in her official capacity. On November 15, 2016, Plaintiff filed a post-conviction motion under New York Criminal Procedure Law Article 440, seeking to vacate his conviction of July 7, 2014. (Compl. at 7.) Defendant Carlson was the Assistant District Attorney who litigated, and Defendant Lieb was the judge who presided over, Plaintiff's Article 440 proceeding. (*Id.*) The Bronx County Supreme Court denied Plaintiff's Article 440 motion on January 28, 2019. (*See* Memorandum of Law, ECF No. 6, at 57 ("MOL").) On February 15, 2019, Plaintiff filed his complaint in this action.

The crux of Plaintiff's complaint relates to two grand jury subpoenas issued by Defendant Carlson in a separate criminal matter while she was litigating Plaintiff's Article 440 motion. Plaintiff makes the following allegations: The first grand jury subpoena was directed to the Nassau County Correctional Center and "requir[ed] the production of all of Plaintiff's recorded phone conversations consisting of 667 calls containing hundreds of privilege[d] attorney[-]client conversations between Plaintiff and six various attorneys." (Compl. at 3.)

Defendant Carlson issued a second grand jury subpoena directed to the Suffolk County Correctional Center that required production of Plaintiff's medical records. (*Id.*) Plaintiff alleges that Defendant Carlson used records obtained from both subpoenas as evidence in Plaintiff's Article 440 proceeding. (*Id.* at 3, 4.)

Plaintiff asserts that Defendants violated his Sixth Amendment right to counsel, Fourth Amendment right to be free from unreasonable searches and seizures, and Fourteenth Amendment right to due process. (MOL, at 55-57.)

Plaintiff also appears to suggest that Defendants have violated state law in various ways; for example, they have violated grand jury procedures (*see, e.g.*, MOL, at 17-18); failed to serve the subpoenas on Plaintiff (*see, e.g.*, *id.* at 43-44); and, Defendant Lieb has violated the New York Code of Judicial Conduct (*see, e.g.*, *id.* at 45-46).

Plaintiff requests money damages from Defendants Carlson and Clark. (*Id.* at 57.) Plaintiff further requests an injunction ordering that Defendants Carlson, Lieb, and Clark be "disqualified from prosecuting and presiding over" his appeal of his Article 440 proceeding (*id.* at 58), and an order reversing the Bronx County Supreme Court's order denying his Article 440 motion. (*Id.* at 57.) Plaintiff also requests that the Court issue a preliminary injunction disqualifying Defendants, "their successors in office, agents and employees and all other persons acting in concert and participation with them" from participating in his Article 440 appeal. He further requests that the Court issue a temporary restraining order requiring that, if Plaintiff's Article 440 appeal is denied, "that decision be reversed and decided by an independent judge." (ECF. No. 7, at 1-2.) [2]

---

[2] Plaintiff asserts that his Article 440 motion was denied on January 28, 2019. New York law requires an individual seeking to appeal an Article 440 motion to first seek leave to appeal from the Appellate Division of the New York State Supreme Court. N.Y. Crim. Proc. Law § 450.15. Such an application for leave to appeal must be filed within thirty days after the individual was served with a copy of the order he seeks to appeal. N.Y. Crim. Proc. Law § 460.10(4)(a). Although Plaintiff alleges in his complaint that he intends to appeal his Article 440 decision, he has not informed this Court as to whether he did in fact file such an application or, if he did, whether the Appellate Division granted his application.

3

## DISCUSSION

**A.  Claims For Damages Against Prosecutors**

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009). Absolute immunity extends to work performed by a prosecutor while acting as an advocate during a post-conviction proceeding. *Warney v. Monroe Cty.*, 587 F.3d 113, 122-23 (2d Cir. 2009).

Here, Plaintiff's claims against Defendant District Attorney Clark and Defendant Assistant District Attorney Carlson are based on actions taken within the scope of their roles as advocates for the state in litigating Plaintiff's Article 440 motion. Therefore, these claims are dismissed because they seek monetary relief against a defendant who is immune from suit and as frivolous. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**B.  Claims for Injunctive Relief**

The Court must dismiss Plaintiff's claims against Defendant Lieb, who presided over Plaintiff's state-court proceedings. As amended in 1996, § 1983 provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. This amendment generally precludes a plaintiff's claims for

4

injunctive relief against a judge arising from rulings or actions taken in that judge's judicial capacity because the plaintiff can usually appeal that judge's rulings or actions in an appellate court. *See, e.g.*, *Berlin v. Meijias*, No. 15-CV-5308, 2017 WL 4402457, at *4 (E.D.N.Y. Sept. 30, 2017), *appeal dismissed*, No. 17-3589 (2d Cir. May 22, 2018).

Plaintiff's claims against Defendant Lieb arise of out of her rulings and actions while presiding over Plaintiff's state-court criminal proceedings; such rulings and actions were within the scope of Defendant Lieb's judicial capacities and jurisdiction. Accordingly, the Court dismisses Plaintiff's claims against Defendant Lieb under the doctrine of judicial immunity and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (iii); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute]."); *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when 'it is clear that the defendants are immune from suit.'" (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989))).

The Court must also dismiss Plaintiff's claims against Defendants Carlson and Clark. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Heicklen v. Morgenthau*, 378 F. App'x 1, 2 (2d Cir. 2010) (quoting *Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973)). *Younger* abstention is appropriate in only three categories of state court proceedings: (1) state criminal prosecutions; (2) civil enforcement proceedings that are "akin to criminal prosecutions"; and (3) civil proceedings "that implicate a State's interest in enforcing the orders and judgments of its courts." *Sprint Commc'n, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013). "The *Younger* doctrine is as applicable to suits for declaratory relief as it is to those for injunctive relief . . . ." *Kirschner v. Klemons*, 225 F.3d 227, 235 (2d Cir. 2000).

5

Here, Plaintiff requests that the Court intervene in what was, at least at the time he filed his pleading in this Court, his ongoing state-court criminal proceedings to declare that the actions of the prosecutors conducting those proceedings have violated his constitutional rights. In the event that Plaintiff's state-court criminal proceeding is still ongoing, Plaintiff does not allege any facts suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. Furthermore, the State of New York has an important interest in enforcing its criminal laws, and Plaintiff fails to show that he does not have an adequate opportunity to raise his constitutional challenges within his state-court proceedings. Accordingly, if Plaintiff's state-court criminal proceeding is still ongoing, the *Younger* doctrine precludes any of his § 1983 claims for declaratory and injunctive relief.

If Plaintiff's state-court criminal proceedings are no longer ongoing because, for example, he failed to seek leave to appeal the state court's denial of his Article 440 motion or if that appeal was denied, then the Court must dismiss Plaintiff's claims for injunctive relief as moot. *See, e.g.*, *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996) ("A case is deemed moot where the problem sought to be remedied has ceased, and where there is no reasonable expectation that the wrong will be repeated.") (citations and quotations omitted).

Finally, to the extent Plaintiff seeks to challenge his underlying conviction in the Bronx County Supreme Court, Plaintiff must bring a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2254(a); *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002).

**C.      State-Law Claims**

A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-*

6

*Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims over which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii), (iii). The Court denies Plaintiff's request for a preliminary injunction and temporary restraining order. The Court denies Plaintiff's Motion to Appoint Counsel as moot. The Clerk of Court is further directed to terminate all other pending matters.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: April 15, 2019
       New York, New York

                                              COLLEEN McMAHON
                                              Chief United States District Judge